IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GLORIA Y. BROOKS, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-120 |
| FLOCO FOODS, INC. d/b/a KJ'S MARKET IGA, | * | |
| Defendant. | * | |

**ORDER**

Before the Court is Plaintiff's amended motion to remand.[1] (Doc. 5.) Plaintiff contends the Court lacks subject matter jurisdiction because her claims do not satisfy the amount in controversy requirement for diversity jurisdiction. Plaintiff further requests attorney's fees and costs incurred remanding this matter. For the following reasons, Plaintiff's motion to remand is **GRANTED IN PART AND DENIED IN PART**.

**I. BACKGROUND**

Plaintiff filed the present action in the Civil Court of Richmond County, Georgia,[2] on June 1, 2018, seeking damages for

---

[1] Because Plaintiff's amended motion to remand supersedes her original motion, her motion to remand (Doc. 4) is **DENIED AS MOOT**.
[2] The Civil Court of Richmond County, Georgia, maintains a jurisdictional maximum amount in controversy of $45,000.00. "[T]he Civil Court[] of Richmond . . . Count[y] . . . shall continue with the same jurisdiction as such

alleged injuries suffered in Defendant's store. (Compl., Doc. 1-1.) The complaint does not enumerate a specific amount of damages other than special damages exceeding $9,578.63. (Id. ¶ 11.) Plaintiff is a citizen of Georgia, and Defendant is a citizen of South Carolina.³ (Id. ¶ 2; Notice of Removal, Doc. 1, at 1-2.)

On July 26, 2018, Defendant filed its notice of removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Notice of Removal.) In the notice, Defendant contends the Parties are diverse, and the amount in controversy exceeds the statutory requirement of $75,000.00. (Id. at 2-3.) On July 30, 2018, Plaintiff filed the present motion arguing the case should be remanded for want of amount in controversy. (Am. Mot. to Remand, Doc. 5.) Plaintiff additionally requests attorney's fees and costs associated with the present motion. (Id. at 3.)

## II. DISCUSSION

### A. Motion to Remand

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal

---

court[] [has] on the effective date of this article unless otherwise provided by law." GA. CONST. art. 6, § 10, ¶ 1(5).
³ The Parties do not dispute they are of diverse citizenship. (See Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand, Doc. 11, at 2; Am. Mot. to Remand, Doc. 5.)

2

citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). The district court may exercise original jurisdiction where the amount in controversy exceeds $75,000.00, and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). The only question presented is whether the amount in controversy is satisfied.

The principle is well established that the party seeking removal bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996); Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). The weight of this burden, however, "varies based on the allegations in the state court complaint." Gen. Pump & Well, Inc. v. Matrix Drilling Prods. Co., No. CV608-045, 2009 WL 812340, at *2 (S.D. Ga. Mar. 26, 2009). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction,

uncertainties are resolved in favor of remand." Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994).

Here, Defendant fails to meet its burden. Defendant's timely notice of removal cites the lack of specific damages in the complaint and Plaintiff's refusal to stipulate to damages as justification for removal. (Notice of Removal, at 2-3.) However, the Eleventh Circuit has determined, "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue." Williams, 269 F.3d at 1320. Defendant offers no evidence of amount in controversy in the form of written discovery, affidavits or declarations, deposition testimony, or exhibits. Instead, Defendant addresses removal in conclusory fashion and incorrectly shifts the burden to Plaintiff: "[A] reasonable interpretation of the allegations in the pleadings, coupled with the lack of a damage limitation in Plaintiff's Prayer for Relief and refusal to stipulate her damages, is that the matter in controversy between Plaintiff and Defendant" exceeds $75,000.00. (Notice of Removal, at 2.)

In further attempt to support removal, Defendant argues that the Civil Court of Richmond County was not the proper state court venue. As a result, the Court should ignore the Civil Court of Richmond County's jurisdictional ceiling of $45,000.00 in its analysis. (Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand, at 2.)

4

Defendant's retort, however, does not assist it in meeting the preponderance standard.[4] If Defendant's argument was sufficient to meet the preponderance of the evidence burden for removal, nearly every case between diverse parties could be removed to federal court.

In short, the only certain amount of alleged damages is $9,578.63. Although other damages are implicated in this action, the Court is not persuaded the amount in controversy exceeds $75,000.00. Accordingly, there is no federal jurisdiction, and the case must be remanded.

## B. Attorney's Fees

Plaintiff claims that she is entitled to attorney's fees and costs incurred in obtaining the remand of the case pursuant to 28 U.S.C. § 1447(c): "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although attorney's fees are left to the district court's discretion, "[a]bsent unusual

---

[4] Furthermore, the matter of state court venue is not a question for this Court. Under § 1447(d)[,] a case is to be remanded "to the State court from which it was removed." 28 U.S.C. § 1447(d); see also Taliaferro v. Goodyear Tire & Rubber Co., 265 F. App'x 240, 244 (5th Cir. 2008); Bloom v. Barry, 755 F.2d 356, 358 (3d Cir. 1985) ("'Remand' means 'send back.' It does not mean 'send elsewhere.'"). "Whether a transfer from that forum might be appropriate is a question for the state courts to resolve." Taliaferro, 265 F. App'x at 244.
Mitchell v. Blue Cross & Blue Shield of Ala, Inc., No. 2:07-CV-134-RDP, 2008 WL 11374389, at *4 n.5 (N.D. Ala. Oct. 24, 2008). Therefore, whether the Civil Court of Richmond County is a proper venue does not factor into this Court's analysis.

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The purpose of the reasonableness standard is to balance "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Bauknight v. Monroe Cty., 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting Martin, 546 U.S. at 140).

Although a close case, the Court finds that Defendant did not lack an objectively reasonable basis to remove the case. The Court must note that, though not dispositive, removing a case filed in the Civil Court of Richmond County with a jurisdictional maximum amount in controversy of $45,000.00 supports Plaintiff's position. However, three factors disfavor attorney's fees. First, no dispute existed as to the diversity of the Parties. Second, Plaintiff's complaint offered very little specificity upon which Defendant could approximate damages. Third, at Defendant's request, Plaintiff refused to stipulate to a damages ceiling. Without more, the Court cannot conclude Defendant's notice of removal was entirely unreasonable.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's amended motion to remand (Doc. 5) is **GRANTED IN PART** as to remand and **DENIED IN PART** as to attorney's fees. The Clerk is **DIRECTED** to **REMAND** this case to the Civil Court of Richmond County, Georgia. The Clerk is further **DIRECTED** to **TERMINATE** all remaining pending motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of January, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7